**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| YUSEF STEELE, | Civil Action No. 17-13766 (MAS) (DEA) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| CITY OF NEW BRUNSWICK, et al., | |
| Defendants. | |

This matter has come before the Court on a civil rights Complaint filed by Plaintiff Yusef Steele pursuant to 42 U.S.C. § 1983 ("Section 1983"). At this time, the Court must screen the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2). For the reasons stated below, the Court dismisses the Complaint.

### A. Statute of Limitations

Under New Jersey law, an action for an injury caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the cause of action. N.J.S.A. § 2A:14-2; *Estate of Lagano v. Bergen Cty. Prosecutor's Office*, 769 F.3d 850, 859 (3d Cir. 2014). Federal courts look to state law to determine the limitations period for Section 1983 actions. *Wallace v. Kato*, 549 U.S. 384, 387-88 (2007); *Lagano*, 769 F.3d at 859. Civil rights or constitutional tort claims are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions. *Lagano*, 769 F.3d at 859. Accordingly, New Jersey's two-year limitations period on personal injury actions governs Plaintiff's claims. *Id.*

Here, with the exception of Plaintiff's malicious prosecution claim, which the Court addresses below, the Complaint asserts claims of false arrest, false imprisonment, illegal search and seizure, and selective enforcement that arose out of incidents which occurred between 2008 and 2012. (Compl. 6, ECF No. 1.) In *Wallace v. Kato*, the Supreme Court expressly held that false arrest claims begin to accrue "when 'the plaintiff can file suit and obtain relief.'" 549 U.S. 384, 388 (2007) (quoting *Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Ca.*, 522 U.S. 192, 201 (1997)). "There can be no dispute that petitioner could have filed suit as soon as the allegedly wrongful arrest occurred . . . so the statute of limitations would normally commence to run from that date." *Id.* Similarly, illegal search and seizure claims also begin to accrue when the alleged wrongful search occurred. *Love v. N.J. State Police*, No. 14-1313, 2016 WL 3046257, at *10 (D.N.J. May 26, 2016). Likewise, selective enforcement claims accompanied by false arrest claims begin to accrue at the time of the arrest. *Id.* at *11 ("[P]laintiffs who alleged that they were arrested *without probable cause*, *i.e.*, for no reason, should reasonably have discovered their selective enforcement injuries at the time of their arrest." (emphasis in original)). The Complaint in the present matter was filed out of time with regard to these claims. The Court, accordingly, finds that all claims other than the malicious prosecution claim fail to state a claim upon which relief may be granted because they are time-barred, and are dismissed with prejudice.

**B.    Malicious Prosecution**

To state a valid malicious prosecution claim, Plaintiff must establish that "(1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Kossler v.*

2

*Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009) (en banc) (internal quotation marks omitted). Here, Plaintiff concedes that he was convicted of his crime, and his application for post-conviction relief is still pending, (Compl. 8), so the criminal proceeding did not end in his favor. As such, Plaintiff's malicious prosecution claim is dismissed without prejudice. Having dismissed all claims in the Complaint, the Court dismisses the Complaint.

/s/ M. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: 4/9/19